IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAYMOND CAPÓ-DÍAZ,<br><br>      Plaintiff<br><br>      v.<br><br>HUMBERTO MARRERO-RECIO, et al.,<br><br>      Defendants | CIVIL NO. 09-1629 (JP) |

**OPINION AND ORDER**

Before the Court is Defendants Humberto Marrero-Recio ("Marrero"), Rosemarie O'Connell ("O'Connell"), Carmen Márquez-Parrilla ("Márquez") and José Juan Molina-Resto's ("Molina") motion for judgment on the pleadings (**No. 46**) and Plaintiff Raymond Capó-Díaz's ("Capó") opposition thereto (No. 60). Capó brought this case against Defendants pursuant to 42 U.S.C. § 1983 alleging violations of the First Amendment, Fifth Amendment, and Fourteenth Amendment. Plaintiff also brought Puerto Rico law claims pursuant to, *inter alia*, Sections 1, 4, 6 and 7 of Article II of the Puerto Rico Constitution, and Articles 1802 and 1803 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, §§ 5141-5142. Defendants move for judgment on the pleadings as to Plaintiff's claims under 42 U.S.C. § 1983. For the reasons stated herein, Defendants' motion is hereby **GRANTED IN PART AND DENIED IN PART.**

CIVIL NO. 09-1629 (JP)            -2-

I. **FACTUAL ALLEGATIONS**

Prior to the 2008 general election, Plaintiff was a career managerial employee at Administración de Reglamentos y Permisos ("ARPE"). He occupied the position of Director of General Services and, in said capacity, Plaintiff supervised over thirty employees. Plaintiff Capó is also a member of the Popular Democratic Party ("PDP"). At all times relevant to this action, Defendants were aware of this fact. Some of the activities engaged in by Plaintiff as a member of the PDP include participating as a member of the Transition Committee of former Governor Aníbal Acevedo-Vilá, working as a Unit Coordinator of the PDP during the 2008 general election, and serving as a member of the Directorship of the PDP employee group at ARPE. Said involvement with the PDP was known by Defendants. Defendants, on the other hand, are members of the New Progressive Party ("NPP").

Plaintiff claims that Defendant Márquez has taken several actions against him. On March 2, 2009, Defendant Márquez was appointed as Auxiliary Administrator of Internal Resources by Héctor Barriera-Torres ("Barriera"), a former Defendant in this action. Since her appointment, Márquez has taken different measures to prevent Plaintiff from performing his official job duties. Márquez constantly gives direct instructions to Plaintiff's subordinates without consulting, or even informing, Capó. As a result of said actions, Plaintiff's subordinates feel free to ignore and/or disobey his instructions including not submitting to Plaintiff the reports

CIVIL NO. 09-1629 (JP)            -3-

which need to be approved by him.  In some instances, said employees have refused to comply with Plaintiff's instructions while stating that they are being directly instructed by Márquez to perform other duties.  Márquez has taken said actions to strip Plaintiff of his duties and also to avoid providing him with evidence of the different treatment given to NPP members.

Plaintiff claims that Márquez has also taken over Plaintiff's responsibility concerning approval of attendance sheets and approval of leaves of absence, selected personnel along political lines, and, in an effort to humiliate Plaintiff, carried out direct operations in open violation of Plaintiff's supervisory functions. Furthermore, Márquez has made several politically motivated comments such as: (1) that the former administration took away her job duties and that she began to study the collective bargaining agreement to discover all of its defects; (2) that no charges could be filed against her because she is now the supervisor and everyone reports to her; (3) that she does not believe in protocol; and (4) that Plaintiff has to demonstrate to her that he is capable of performing his duties in order for her to allow him to perform them.  Márquez commented to another employee that she wants to transfer Plaintiff to Caguas.

Márquez also informed Plaintiff, in the presence of Minerva Guadalupe ("Guadalupe"), that Guadalupe would supervise Plaintiff despite holding a position of lower rank in ARPE.  Another example of Márquez's acts that prevent Plaintiff from performing his duties

CIVIL NO. 09-1629 (JP)            -4-

occurred on March 6, 2009. On said date, Márquez and Guadalupe imparted instructions to staff without even acknowledging Plaintiff's presence or allowing him to participate in the same.

Lastly, Márquez led Plaintiff to believe that he would be designated Interagency Coordinator for the Management of Emergencies. Plaintiff attended a meeting on March 6, 2009. Said meeting was the last meeting attended by Plaintiff. Plaintiff was made aware of the decision to remove him from the position six days later when he was informed by a third party. No formal communication was provided to Plaintiff and therefore he had to confirm his removal through other sources.

As a result of the above-mentioned incidents, Plaintiff sent several written requests to Defendant O'Connell, Defendant Molina, and Barriera requesting that remedial action be taken. No action has been taken. While personally meeting with O'Connell, Plaintiff was informed by O'Connell that she would take no action in his case and that he should feel free to take any action he deemed proper. Plaintiff believes there is a concerted plan by Defendants to have him removed from his career position and that the stripping of his functions is simply part of the overall plan.

Another incident suffered by Plaintiff occurred when Marrero notified Plaintiff of his certification for his years of service with the agency. Said certification falsely stated that Plaintiff has approximately four years of service. A simple examination of

CIVIL NO. 09-1629 (JP)            -5-

Plaintiff's personnel file makes it obvious that he began at the agency in 2001 and that he had been previously employed by the National Parks Department of Puerto Rico.  In sum, Plaintiff had approximately twenty three years of service.  Plaintiff attempted to correct this mistake with O'Connell who was negative and unwilling to address this error.  As a result, Plaintiff suffered enormous stress because said error made him more susceptible to being laid-off as part of the government's economic strategy.  Plaintiff believes that this failure to act was part of the overall conspiracy to have Plaintiff removed from his position.  Plaintiff states that the unequal treatment and the diminution of his functions are motivated by political animus.

Plaintiff reported the problems he was facing to the State Insurance Fund ("SIF") on April 30, 2009.  SIF ordered that Capó be placed on a leave of absence and physicians at SIF prescribed medication to Plaintiff.  Plaintiff was suffering from emotional and mental distress, nightmares, waking up at night, palpitations, neck pain, shoulder pain, chest pain, stress, anxiety, diminished appetite, diarrhea, and hair loss.  Upon his release from SIF, Plaintiff visited a psychiatrist who placed him on leave of absence up until July 13, 2009.  Plaintiff states that he is being punished for not being a member of the political party which now governs.

CIVIL NO. 09-1629 (JP)          -6-

## II. **LEGAL STANDARD FOR A JUDGMENT ON THE PLEADINGS**

Rule 12(c) of the Federal Rules of Civil Procedure states that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Marrero-Gutiérrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007).

"The trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005) (quoting Rivera-Gómez v. De Castro, 843 F.2d 631, 635 (1st Cir. 1998)). To survive a motion for judgment on the pleadings, the complaint must plead facts that raise a right to relief above the speculative level. Remexcel Managerial Consultants, Inc. v. Arlequín, 583 F.3d 45, 49 n.3 (1st Cir. 2009).

## III. **ANALYSIS**

Defendants move to dismiss Plaintiff's claims based on the Fifth and Fourteenth Amendment, the First Amendment, and on conspiracy. Plaintiff partially opposes the motion. The Court will now consider the parties' arguments.

### A. **42 U.S.C. § 1983**

To have a cognizable claim under Section 1983, a party must plead and prove that: (1) Defendant acted under color of state law;

CIVIL NO. 09-1629 (JP)            -7-

(2) Plaintiff was deprived of a federally protected right, privilege or immunity; and (3) Defendant's alleged conduct was causally connected to Plaintiff's deprivation. See Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989). For claims under Section 1983, only those individuals who deprived Plaintiffs of their rights can be held liable. Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d 87, 91-92 (1st Cir. 1994).

### 1.   First Amendment Claims

Government employees who do not occupy policy-making positions of trust and confidence are protected against adverse employment actions based on their political affiliation. Peguero-Moronta v. Santiago, 464 F.3d 29, 45 (1st Cir. 2006). A *prima facie* case of political discrimination requires showing that: (1) Plaintiff and Defendant part of opposing political affiliations; (2) that Defendant knows of Plaintiff's political affiliation; (3) that a challenged employment action occurred; and (4) that Plaintiff's political affiliation was a substantial or motivating factor behind that challenged employment action. Welch v. Ciampa, 542 F.3d 927, 938-39 (1st Cir. 2008).

In cases such as this one, where the challenged employment action falls short of discharge, Plaintiff must show, by clear and convincing evidence, that he was subjected to an unreasonably inferior work environment when compared to the norm of the position. Agosto-de Feliciano v. Aponte-Roque, 889 F.2d 1209, 1218-20

CIVIL NO. 09-1629 (JP)          -8-

(1st Cir. 1989).  The change must be of a "magnitude that would cause 'reasonably hardy individuals to compromise their political beliefs and associations in favor of the prevailing party.'"  <u>Bisbal-Ramos v. City of Mayaguez</u>, 467 F.3d 16, 22 (1st Cir. 2006) (quoting <u>Agosto-de Feliciano</u>, 889 F.2d at 1217-20).

Defendants argue that Plaintiff has failed to state a cause of action because Plaintiff has not suffered an adverse employment action.  Also, Defendants argue that the claims against Marrero, Molina, and O'Connell should be dismissed because Plaintiff has not alleged any specific actions by said Defendants.

After considering the arguments, the Court finds that Plaintiff has pleaded sufficient facts to state a cause of action.  The Court finds that Plaintiff might have been subject to unreasonably inferior work environment, and therefore suffered an adverse employment action, based on the allegations that Defendant Márquez has taken various of Plaintiff's supervisory responsibilities and that Defendant Marrero incorrectly certified his years of service. With that said, the Court notes that this determination is made on the basis of the pleadings only and therefore the Court has not had the opportunity to compare the responsibilities taken away from Plaintiff with those that his position entails.

Similarly, the Court finds that Plaintiff has alleged sufficient specific acts by Defendants Marrero, Molina, and O'Connell. Specifically, Plaintiff has alleged that he informed Molina and

CIVIL NO. 09-1629 (JP)            -9-

O'Connell of the actions taken by Márquez against him, and that said Defendants ignored his request that remedial action be taken. Also, Plaintiff alleged that Defendant Marrero was the individual who incorrectly certified his years of service. Based on the pleadings and taking all of Plaintiff's allegations as true, the Court determines that Plaintiff has pled sufficient facts to state a cause of action for political discrimination.

### 2.   **Fifth and Fourteenth Amendment Claims**

Defendants argue that Plaintiff has failed to state a cause of action for his Fifth and Fourteenth Amendment due process claims, and for his Fourteenth Amendment equal protection claim. In his opposition, Plaintiff expressly states that his due process claim has not matured and, therefore, requests that the Court dismiss this claim without prejudice. Also, Plaintiff states that Defendants are correct in their argument regarding Plaintiff's equal protection claim and thus request that the Court dismiss said claim with prejudice. As such, the Court will enter Judgment dismissing Plaintiff's Fifth and Fourteenth Amendment claims.

### 3.   **Conspiracy Claims**

Plaintiff also alleges that Defendants entered into a conspiracy to engage in a course of conduct that violated Plaintiff's civil rights. Defendants argue that such conclusory allegations do not

CIVIL NO. 09-1629 (JP)          -10-

comply with the mandate of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).[1]

A civil rights conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." Estate of Bennett v. Wainwright, 548 F.3d 155, 178 (1st Cir. 2008) (quoting Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988)). Plaintiff must "prove not only a conspiratorial agreement but also an actual abridgement of some federally-secured right." Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001) (citing Earle, 850 F.2d at 844).

In the instant case, the Court finds that Plaintiff has pleaded sufficient facts for his 42 U.S.C. § 1983 conspiracy claim. Plaintiff alleges that Defendants have conspired against him to have him removed from his position because of his political affiliation by taking certain acts against him. Plaintiff has alleged that Defendant Márquez has taken multiple acts against him such as the removal of many of his supervisory duties and that Defendants

---

1. In the instant case, Defendants argue, and the Court agrees, that Plaintiff has not made clear whether he is bringing a 42 U.S.C. § 1983 conspiracy claim or a 42 U.S.C. § 1985 conspiracy claim. However, the Court will interpret Plaintiff's complaint as raising a 42 U.S.C. § 1983 conspiracy claim because Plaintiff cannot bring a 42 U.S.C. § 1985 conspiracy claim for political discrimination. Pérez-Sánchez v. Public Building Authority, 531 F.3d 104, 109 (1st Cir. 2008).

CIVIL NO. 09-1629 (JP)          -11-

O'Connell and Molina have not responded to Plaintiff's request that some remedial action be taken.

Similarly, Plaintiff has alleged that Defendant Marrero provided him with a false certification of his years of service. Also, Plaintiff alleges that his file makes clear that the certification was incorrect. When Plaintiff went to Defendant O'Connell to request that this mistake be corrected, O'Connell did nothing. As a result, Plaintiff was more susceptible to being laid off as part of the government's economic strategy. While the allegations of a conspiratorial agreement are not very strong, the Court finds that at this stage of the proceedings these facts are sufficient to properly plead a claim of conspiracy.

## IV. CONCLUSION

The Court **DENIES** Defendants' motion to dismiss Plaintiff's claims based on political discrimination and conspiracy. However, the Court **GRANTS** the motion to dismiss Plaintiff's Fifth and Fourteenth Amendment claims. The Court will enter a separate partial Judgment accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of August, 2010.

                                                         s/Jaime Pieras, Jr.
                                                           JAIME PIERAS, JR.
                                      U.S. SENIOR DISTRICT JUDGE